Joseph K. Liu (Bar No. 216227)
jliu@onellp.com
Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nate L. Dilger (Bar No. 196203)
ndilger@onellp.com
William O'Brien (Bar No. 99526)
wobrien@onellp.com
ONE LLP
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorney for Plaintiff Network Signatures, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Network Signatures, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Merck & Co., Inc., a New Jersey Corporation<br><br>    Defendant. | Case No.  SACV11-00110 AG (AJWx)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant Merck & Co., Inc. ("Defendant"), Plaintiff Network Signatures, Inc. ("Network Signatures") alleges as follows:

## THE NAVAL RESEARCH LABORATORY

1.  The Naval Research Laboratory ("NRL") is one of the most accomplished research-and-development organizations in the country. NRL scientists have not only made remarkable breakthroughs in military technology, they have literally changed the world for all of us. Without their efforts, we would not have GPS, modern radar, and any number of other technological innovations that we now take for granted. This lawsuit concerns another such innovation: technology that allows for the safe and secure

communication of sensitive information via the Internet, such as personal, banking, commercial, financial, and other information.

2. Federal law empowers the government to license its patents to private parties for commercialization as well as for enforcement of the patent without the United States as a party. 37 C.F.R. § 404.5(b)(2). By doing so, the government can use market forces to better capitalize on its technologies the way a private party would. In addition, a license agreement can give the private licensee the proper incentives to protect the government's intellectual property from theft, a task often handled better by a private entity.

## THE PARTIES

3. Plaintiff Network Signatures, Inc. ("Network Signatures") is a corporation duly organized and existing under the laws of California with its principal place of business 30021 Tomas Street, Suite 300, Rancho Santa Margarita, California 92688. As alleged below, the United States of America has granted to Network Signatures an exclusive license concerning the patented technology at issue in this lawsuit.

4. Defendant is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business at Merck & Co., Inc., P.O. Box 100 Whitehouse Station, NJ 08889-0100. Defendant is in the business of providing financial products and services to persons in the U.S. and worldwide through physical and electronic channels, including the Internet.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq. This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this district, among other places. Defendant resides in this judicial district by virtue of its business activities in this district,

18159.1

2

**COMPLAINT**

1  have committed acts of infringement in this judicial district, or have committed acts of
2  contributory infringement and inducement of infringement within this judicial district.

### NETWORK SIGNATURES LICENSES THE NAVY'S TECHNOLOGY

7.  On April 23, 1996, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 5,511,122 ("the '122 Patent"), entitled "Intermediate Network Authentication."

8.  The '122 patent claims, among other things, a critical method of authenticating a computer in which a private electronic key is used, together with a validating public electronic key, to create a cryptographic signature, the cryptographic signature is transmitted in at least one packet to the validating computer, and the signature is verified by the validating computer using its private key and the public key of the computer to be authenticated. This authentication method allows for the safe and secure communication of sensitive information, such as personal, banking, commercial, financial, and other information, as is transmitted between computers by Defendant and its customers and users herein.

9.  The '122 Patent is owned by the United States of America, as represented by the Secretary of the Navy. To allow enforcement, commercialization of and protection of this patent and the technology it represents, in September 2004, the United States Navy executed an exclusive license agreement with Metrix Services, Inc. ("Exclusive License Agreement") and, by this Exclusive License Agreement, expressly granted Metrix Services the exclusive right to practice, enforce, and sublicense, among other rights, the '122 Patent, subject to the general limitations imposed by federal law. A true and correct copy of the Exclusive License Agreement is attached hereto as Exhibit A and incorporated herein by reference. With the express approval of the United States Navy, Metrix Services transferred its entire right, title, and interest to, and in, the '122 Patent to Network Signatures on February 14, 2006. A true and correct copy of the First Amendment to the Exclusive License Agreement, which, among other things, approved the assignment of the Exclusive License Agreement to Network Signatures, is attached hereto as Exhibit B and

1  incorporated herein by reference. A true and correct copy of the Assignment from Metrix
2  to Network Signatures is attached as Exhibit C and incorporated herein by reference.

3      10.    Pursuant to its rights under the Exclusive License Agreement, Network
4  Signatures has begun the commercial development of a product, known as EasyConnect,
5  that utilizes the '122 Patent. Network Signatures has demonstrated the product to NRL
6  personnel and has received NRL's recognition of its development efforts. A true and
7  correct copy of an October 12, 2006, letter from the Navy to Network Signatures reflects
8  this and is attached as Exhibit D and incorporated by reference herein.

9      11.    Network Signatures has also begun exercising its other primary obligation
10  under the Exclusive License Agreement: protecting the Navy's intellectual property rights
11  from infringement.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR DIRECT, CONTRIBUTORY AND INDUCING INFRINGEMENT OF U.S. PATENT NO. 5,511,122

15      12.    Plaintiff incorporates herein by reference the allegations set forth in
16  paragraphs 1-11 of the Complaint as though fully set forth herein.

17      13.    A true and correct copy of the '122 Patent is attached as Exhibit E and
18  incorporated herein by reference. On information and belief, Defendant uses digital
19  certificates and digital signatures implemented though the use of public key infrastructure
20  to facilitate communication with its employees and customers. For example, Defendant
21  enables a computer of a Defendant customer, affiliate, business partner, or employee
22  ("sending computer") to send a secure communication over the Internet to another
23  computer ("receiving computer") by using a confidential private key, and a public key, to
24  digitally sign the message being sent. When the receiving computer receives the signed
25  message, it uses the sending computer's public key, and its private key, to decrypt the
26  signature (collectively referred to as "Defendant Authentication Activities").

14. By making, using, selling, and offering for sale Defendant Authentication Activities, Defendant has directly infringed and continues to directly infringe the '122 Patent, including infringement under 35 U.S.C. § 271(a) and (f).

15. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '122 Patent by actively inducing direct infringement by other persons—specifically, customers and partners of Defendant—who operate methods that embody or otherwise practice one or more of the claims of the '122 Patent when Defendant had knowledge of the '122 Patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

16. On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '122 Patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '122 Patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '122 Patent.

17. On information and belief, Defendant's foregoing acts of infringement include infringement by use and implementation of the Defendant Authentication Activities which are made part of their financial products and services.

18. On information and belief, Defendant will continue to infringe the '122 Patent unless enjoined by this Court.

19. As a direct and proximate result of Defendant's infringement of the '122 Patent, Network Signatures and the United States Government have been and continue to be damaged in an amount yet to be determined.

20. Unless a preliminary and permanent injunction are issued enjoining Defendant and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant, from infringing the '122 Patent, Network Signatures, and the United States Government, will be greatly and irreparably harmed.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Network Signatures prays for judgment against Defendant as follows:

(1) For a judicial determination and declaration that Defendant has directly infringed, and continues to directly infringe, United States Letters Patent No. 5,511,122;

(2) For a judicial determination and declaration that Defendant has induced, and continues to induce, the infringement of United States Letters Patent No. 5,511,122;

(3) For a judicial determination and declaration that Defendant has contributorily infringed, and continues to contributorily infringe, United States Letters Patent No. 5,511,122;

(4) For a judicial determination and decree that Defendant, its respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with it or acting on its behalf, be preliminarily and permanently enjoined from further infringement of the '122 Patent;

(5) For a declaration that Defendant notify all of its customers and users of the infringing system and customers' participation in the infringement with Defendant's encouragement, and that Defendant encourage customers to cease all such infringing actions;

(6) For a judicial decree that orders Defendant to account for and pay to Network Signatures all damages caused to Network Signatures by reason of Defendant's infringement pursuant to 35 U.S.C. Section 284, including enhanced damages under 35 U.S.C. Section 285;

(7) For an award of damages according to proof at trial;

(8) For a judicial declaration that this case is exceptional under 35 U.S.C. Section 285 and Defendant be ordered to pay Network Signatures' costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. Sections 284 and 285;

18159.1

6

**COMPLAINT**

    (9)    For a judicial order awarding to Network Signatures pre-judgment and post-judgment interest on the damages caused to it by Defendant's infringement; and

    (11)    For any such other and further relief as the Court may deem just and proper under the circumstances.

Dated: January 20, 2011    **ONE LLP**

By: _____
Joseph K. Liu
Attorney for Plaintiff, Network Signatures, Inc.

18159.1

7

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff Network Signatures, Inc. hereby demands trial by jury in this action.

Dated: January 20, 2011         **ONE LLP**

By: _____
Joseph K. Liu
Attorney for Plaintiff, Network Signatures, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**SACV11- 110 AG (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Network Signatures, Inc., | CASE NUMBER |
| --- | --- |
| PLAINTIFF(S) v. | SACV11-00110 AG (AJWx) |
| Merck & Co., Inc., a New Jersey Corporation | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): Merck & Co., Inc., a New Jersey Corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Joseph K. Liu of One LLP__, whose address is __4000 MacArthur Boulevard, West Tower, Suite 1100 Newport Beach, CA 92660__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: January 20, 2011     By: AMY DeAVILA
                              Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)     SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Network Signatures, Inc.

**DEFENDANTS**
Merck & Co., Inc., a New Jersey Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joseph K. Liu (jliu@onellp.com)
ONE LLP
4000 MacArthur Blvd., West Tower, Suite 1100 Newport Beach, CA 92660

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement under the Patent Act, 35 U.S.C. Sections 1 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | | |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☒ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV11-00110 AG (AJWx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): **(SEE ATTACHMENT A)**

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☑ D. Involve the same patent, trademark or copyright, __and__ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey Corporation |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date January 20, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT A

8:08-cv-00776-JVS-RNB
2:09-cv-03767-JVS-RNB
2:09-cv-03764-JVS-RNB
2:09-cv-03760-JVS-RNB
8:09-cv-00206-JVS-RNB
8:08-cv-00776-JVS-RNB
8:08-cv-00779-JVS-RNB
8:08-cv-00775-JVS-RNB
8:09-cv-00197-JVS-RNB
8:08-cv-00778-JVS-RNB
8:08-cv-00779-JVS-RNB
8:08-cv-00775-JVS-RNB
8:08-cv-00777-JVS-MLG
8:09-cv-00375-JVS-RNB
8:09-cv-00206-JVS-RNB
8:09-cv-00197-JVS-RNB
8:09-cv-01028-JVS-RNB
8:09-cv-01029-JVS-RNB
8:09-cv-00376-JVS-RNB
8:09-cv-01334-JVS-RNB
8:09-cv-01333-JVS-RNB
8:10-cv-00667-JVS-RNB
2:10-cv-04612-JVS-RNB
2:10-cv-04613-JVS –RNB
2:10-cv-04610-JVS –RNB
8:10-cv-01210-JVS- RNB
8:10-cv-01211-JVS –RNB
8:10-cv-01209-JVS – RNB
8:10-cv-01639-CJC –JEM
8:10-cv-01640-CJC -MAN
8:08-cv-00718-DOC-RNB
8:08-cv-00718-DOC-RNB
8:09-cv-00196-AG-RNB
8:09-cv-01026-AG-RNB
8:10-cv-00666-AG-MLG
2:08-cv-06429-SJO-AJW
8:09-cv-00374-GW-PJW
2:10-cv-10-8171-CAS-FMOx
2:10-cv-10-8178-GHK-PJWx
2:10-cv-10-8172 PA-RZx
2:10-cv-10-8173-PSG-FMOx